# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-30520

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2018

Lyle W. Cayce
Clerk

PERSHING, L.L.C.,

      Plaintiff-Appellee

v.

THOMAS KIEBACH, represented by Executory of his estate, Thomas J. Moran; MARCEL DUMESTRE; MARGARET DUMESTRE; MAMIE HELEN BAUMANN, Through power of attorney Mamie C. Sanchez; JOSEPH BECKER; ET AL,

      Defendants - Appellants

-------------------------------------------------------------------------------------------------------------

THOMAS KIEBACH, represented by Executory of his estate; MAMIE HELEN BAUMANN, Through power of attorney Mamie C. Sanchez; JOSEPH BECKER; AMERITRUST CORPORATION, on behalf of Benton Bruce Johnson Trust #1, Benton B. Johnson Test TRII, Martha JC Johnson Gen Skpg Tr.; TERENE BEVEN; ET AL

      Plaintiffs-Appellants

v.

PERSHING, L.L.C.,

      Defendant-Appellee

No. 17-30520

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2549

---

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

A group of Louisiana retirees suffered losses at the hands of R. Allen Stanford's Ponzi scheme. Those retirees later brought arbitration claims against Pershing, L.L.C. (a clearing broker for one of Stanford's business entities), alleging various sorts of wrongdoing. The arbitrators ruled in Pershing's favor, and both Pershing and the retirees filed lawsuits—Pershing to confirm the award and the retirees to vacate it.

Following consolidation, the district court denied the retirees' motion for summary judgment and granted Pershing's motion for summary judgment, thereby confirming the arbitrators' award. We agree with the district court's decision, and we do so for essentially the same reasons contained in the district court's order dated May 22, 2017.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.